Electronically Filed
11/25/2020 4:29 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**JIMMY W. HOWARD, ESQ.**
Nevada Bar #4636
**CRAIG P. KENNY & ASSOCIATES**
501 S. 8th Street
Las Vegas, NV 89101
(702) 380-2800
Attorney for Plaintiff

CASE NO: A-20-825488-C
Department 6

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| | |
|---|---|
| DONAVE STANLEY,<br><br>　　　Plaintiff,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC.;<br>DOE EMPLOYEE, a Nevada resident;<br>DOES I through X, inclusive; and ROE<br>CORPORATIONS I through X, inclusive<br><br>　　　Defendants. | Case No.<br><br>Dept No.<br><br>**ARBITRATION EXEMPTION CLAIMED**<br><br>**In Excess of $50,000** |

## COMPLAINT

COMES NOW Plaintiff DONAVE STANLEY, by and through her attorneys of record, CRAIG P. KENNY & ASSOCIATES, and hereby alleges as follows:

### GENERAL ALLEGATIONS

1.　That at all times mentioned herein and material hereto, Plaintiff DONAVE STANLEY is and was a resident of Clark County, Nevada.

2.　That Defendant DOE EMPLOYEE ("Defendant Doe Employee") was and is, at all times mentioned herein, a resident of Clark County, Nevada. On July 9, 2019, Defendant Doe Employee was within the course and scope of her employment with Defendant G4S SECURE SOLUTIONS (USA) INC. ("Defendant G4S") and operating a golf cart owned by Defendants, when the subject incident occurred involving Plaintiff.

3.　At all times mentioned herein, Defendant G4S was and is a company duly authorized to conduct business in the State of Nevada. Defendant Doe Employee was within the course and scope

1

of her employment with Defendant G4S at the time the subject incident occurred involving Plaintiff.

4. That at all times mentioned herein, Defendant Doe Employee was an employee and/or agent of Defendants G4S, DOES I through X, and/or ROE CORPORATIONS I through X, and that all acts or omissions mentioned herein which were performed by Defendant Doe Employee, were performed within the course and scope of her employment/agency with said Defendants.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES I through X and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff at this time and Plaintiff, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and, therefore, alleges that each of the Defendants designated herein as DOE are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged.

6. That on July 9, 2019 at approximately 9:20 a.m. in Las Vegas, Clark County, Nevada, Plaintiff was traveling through the parking lot of Walmart located at 201 N. Nellis when she stopped for a stop sign behind a golf cart driven by Defendant. Without warning, Defendant Doe Employee reversed the golf cart and slammed into the front of the Plaintiff's vehicle. As a result of the Defendants negligence, Plaintiff sustained injuries.

7. Plaintiff alleges that Defendant Doe Employee was negligent in failing to pay attention to her driving and failing to use due care. Defendant Doe Employee's negligence was a proximate and legal cause of this July 9, 2019 incident.

8. Plaintiff alleges that Defendants are jointly and severally liable for Plaintiff's damages.

**FIRST CLAIM FOR RELIEF**
**NEGLIGENCE AS TO DEFENDANT DOE EMPLOYEE**

9. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 8 of this Complaint, and make them a part of the instant cause of action as though fully set forth herein.

10. Plaintiff alleges that Defendant Doe Employee was negligent in failing to pay attention to her driving and failing to use due care. Defendant Doe Employee's negligence was a proximate and legal cause of this July 9, 2019 incident.

11. That as a direct and proximate result of the aforesaid negligence of Defendant Doe Employee, Plaintiff suffered serious and disabling injuries in an amount in excess of $15,000.00.

12. That as a direct and proximate result of the aforesaid negligence of Defendant Doe Employee, Plaintiff has incurred medical expenses and will incur future medical expenses, in an amount to be ascertained at trial.

13. Due to Defendant Doe Employee's negligence, it has become necessary for Plaintiff to retain the law firm of CRAIG P. KENNY & ASSOCIATES, to prosecute this action, and Plaintiff is entitled to reasonable attorney's fees and costs incurred therefor.

**SECOND CLAIM FOR RELIEF**
**DEFENDANT G4S'S VICARIOUS LIABILITY PURSUANT TO RESPONDEAT SUPERIOR AS TO DEFENDANT DOE EMPLOYEE'S NEGLIGENCE**

14. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 14 of this Complaint, and make them a part of the instant cause of action as though fully set forth herein.

15. Plaintiff alleges that since Defendant Doe Employee's negligence was committed while she was acting within the course and scope of her employment with Defendant G4S, DOES I through X, and/or ROE CORPORATIONS I through X, and these Defendants are vicariously liable for the negligence of Defendant Doe Employee pursuant to the doctrine of respondeat superior.

16. Pursuant to NRS 41.130, whenever any person such as the Plaintiff shall suffer personal injury by wrongful act and/or neglect of another person such as Defendant Doe Employee, the said person (Doe Employee) causing the injury is liable to the persons (Plaintiff) injured for damages; and where the person (Doe Employee) causing the injury is employed by another person or corporation responsible (G4S) for the conduct of the person (Doe Employee) causing the injury, that other person or corporation so responsible (G4S) is liable to the persons (Plaintiff) injured for damages.

17. That as a direct and proximate result of the aforesaid vicarious liability of Defendant G4S for the negligence of its employee Defendant Doe Employee, Plaintiff suffered serious and disabling injuries together with other economic losses in an amount in excess of $15,000.00.

18. That as a direct and proximate result of the aforesaid vicarious liability of Defendant G4S for the negligence of its employee Defendant Doe Employee, Plaintiff has been and will in the future be caused to expend sums of money for medical care and expenses, the total amount of which

cannot at this time be determined.

19. Due to Defendant G4S's vicarious liability, it has become necessary for Plaintiff to retain the law firm of CRAIG P. KENNY & ASSOCIATES, to prosecute this action, and Plaintiff is entitled to reasonable attorney's fees and costs incurred therefor.

### THIRD CLAIM FOR RELIEF
### DEFENDANT G4S'S NEGLIGENT HIRING OF DEFENDANT DOE EMPLOYEE

20. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 19 of this Complaint, and make them a part of the instant cause of action as though fully set forth herein.

21. Plaintiff alleges that Defendant G4S was negligent in its hiring of Defendant Doe Employee due to her prior work history. Defendant G4S failed to adequately investigate Defendant Doe Employee before hiring her and was negligent in the hiring of Doe Employee. Plaintiff alleges that if Defendant G4S had acted reasonably, it would have never hired Doe Employee. However, Defendant G4S was negligent in its hiring of Doe Employee and as a result of Doe Employee's negligence, Plaintiff was injured. The injuries to Plaintiff were reasonably foreseeable by G4S in making such a negligent hire like Doe Employee.

22. That as a direct and proximate result of Defendant G4S's negligent hiring of Defendant Doe Employee, Plaintiff suffered serious and disabling injuries together with other economic losses in an amount in excess of $15,000.00.

23. That as a direct and proximate result of Defendant G4S's negligent hiring of Defendant Doe Employee, Plaintiff has been and will in the future be caused to expend sums of money for medical care and expenses, the total amount of which cannot at this time be determined.

24. Due to Defendant G4S's negligent hiring, it has become necessary for Plaintiff to retain the law firm of CRAIG P. KENNY & ASSOCIATES, to prosecute this action, and Plaintiff is entitled to reasonable attorney's fees and costs incurred therefor.

### FOURTH CLAIM FOR RELIEF
### DEFENDANT G4S' NEGLIGENT SUPERVISION OF DEFENDANT DOE EMPLOYEE

25. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 24 of this Complaint, and make them a part of the instant cause of action as though fully set forth herein.

26. Plaintiff alleges that Defendant G4S failed to properly supervise, monitor, and regulate

the behavior of its employee Defendant Doe Employee such that it was negligent in the supervision of its employee Doe Employee. As a direct result of this negligent supervision, the subject accident occurred, causing injuries to Plaintiff.

27. That as a direct and proximate result of Defendant G4S's negligent supervision of Defendant Doe Employee, Plaintiff suffered serious and disabling injuries together with other economic losses in an amount in excess of $15,000.00.

28. That as a direct and proximate result of Defendant G4S's negligent supervision of Defendant Doe Employee, Plaintiff has been and will in the future be caused to expend sums of money for medical care and expenses, the total amount of which cannot at this time be determined.

29. Due to Defendant G4S's negligent supervision, it has become necessary for Plaintiff to retain the law firm of CRAIG P. KENNY & ASSOCIATES, to prosecute this action, and Plaintiff is entitled to reasonable attorney's fees and costs incurred therefor.

### FIFTH CLAIM FOR RELIEF
### DEFENDANT G4S'S NEGLIGENT ENTRUSTMENT OF VEHICLE TO DEFENDANT DOE EMPLOYEE

30. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 29 of this Complaint, and make them a part of the instant cause of action as though fully set forth herein.

31. Plaintiff alleges that Defendant G4S was the owner of the golf cart that Defendant Doe Employee was operating when she caused the subject incident on July 9, 2019. Defendant Doe Employee was a permissive driver of the golf cart owned by Defendant G4S.

32. Plaintiff alleges that prior to this accident, Defendant G4S knew of Defendant Doe Employee's poor driving record to drive a golf cart safely. Nonetheless, Defendant G4S still allowed Defendant Doe Employee to drive its golf cart. In allowing Defendant Doe Employee to drive a golf cart even though G4S knew that Doe Employee was an unsafe driver, Defendant G4S is liable for negligent entrustment of the golf cart to Doe Employee. As a result of this negligent entrustment, the subject car accident occurred, injuring Plaintiff.

33. That as a direct and proximate result of Defendant G4S's negligent entrustment of its vehicle to Defendant Doe Employee, Plaintiff suffered serious and disabling injuries together with other

5

economic losses in an amount in excess of $15,000.00.

34. That as a direct and proximate result of Defendant G4S's negligent entrustment of its vehicle to Defendant Doe Employee, Plaintiff has been and will in the future be caused to expend sums of money for medical care and expenses, the total amount of which cannot at this time be determined.

35. Due to Defendant G4S's negligent entrustment, it has become necessary for Plaintiff to retain the law firm of CRAIG P. KENNY & ASSOCIATES, to prosecute this action, and Plaintiff is entitled to reasonable attorney's fees and costs incurred therefor.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1. For general damages in a sum in excess of $15,000.00;
2. For special damages in an amount to be ascertained at trial;
3. For reasonable attorneys fees, costs, and prejudgment interest; and,
4. For such other and further relief as the Court may deem appropriate.

DATED this  3  day of November, 2020.

**CRAIG P. KENNY & ASSOCIATES**

_____
**JIMMY W. HOWARD, ESQ.**
Nevada Bar #4636
501 S. 8th Street
Las Vegas, NV  89101
Attorney for Plaintiff