UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONAVE STANLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>G4S SECURE SOLUTIONS (USA) INC.; DOE EMPLOYEE, a Nevada resident; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | Case No. 2:20-CV-02358-APG-EJY<br><br>**REPORT and RECOMMENDATION**<br><br>Re: Plaintiff's Motion to Amend Complaint (ECF No. 15) |

Before the Court is Plaintiff's Motion to Amend Complaint. ECF No. 15. The Court has considered Plaintiff's Motion, Defendant's Opposition, and Plaintiff's Reply. ECF Nos. 16 and 26.

**I.   RELEVANT BACKGROUND**

This dispute commenced in the Eighth Judicial District Court for Clark County, Nevada on November 25, 2020, when Plaintiff filed her Complaint. ECF No. 1-2. The matter was removed by Defendant G4S Secure Solutions (USA) Inc. ("G4S") on December 31, 2020. ECF No. 1. The events giving rise to this matter occurred in a Walmart parking lot on July 9, 2019, when a golf cart driven by Defendant Doe Employee "reversed … and slammed into the front of the Plaintiff's vehicle." ECF No. 1-2 ¶ 6. As a result of the incident, Plaintiff allegedly sustained injuries. *Id*. Plaintiff's Complaint states five claims for relief including one negligence claim against Defendant Doe Employee, and four negligence claims against G4S. *Id*. ¶¶ 14-35.

On January 29, 2021, Plaintiff filed a Motion to Remand, arguing the Court lacked diversity jurisdiction, after receiving G4S' confirmation that Defendant Doe Employee is a Nevada resident. ECF No. 12 at 2. Plaintiff's Motion to Remand was denied without prejudice allowing it to be refiled in the event the instant Motion to Amend is granted. ECF No. 14.

Through the instant Motion, Plaintiff seeks to amend her Complaint to name Tytiana Nalls ("Nalls") in place of the Doe Employee Defendant. Plaintiff argues G4S will not be prejudiced by the amendment as discovery has not started; there is no undue delay; and, there is good cause to

allow Plaintiff's amendment as Nalls was identified by G4S as the driver of the golf cart that hit Plaintiff. *Id*.

In Opposition, G4S argues that Plaintiff seeks to name Nalls solely to destroy diversity. ECF No. 16 at 1. G4S asserts Nalls is "not a necessary party for the just adjudication of this case." *Id*. at 4. G4S explains that it admits Nalls was within the course and scope of her employment at the time of the incident and, if the driver was negligent, G4S will be vicariously liable for the damages caused. ECF No. 3 ¶¶ 2, 15. G4S further argues these admissions render Nalls unnecessary for Plaintiff to obtain complete relief. ECF No. 16 at 2.

In Reply, Plaintiff argues G4S removed this case based on diversity jurisdiction "when it knew, should have known, or turned a blind eye" to the fact that Nalls was and is a Nevada resident. ECF No. 17 at 1. Plaintiff references G4S' Initial Disclosure as these disclosures identify Nalls with a Nevada home address. *Id*. at 2, 7-8. Thus, Plaintiff argues that G4S always knew or should have known the Court lacked diversity jurisdiction because G4S "had information available to it at the time of the Removal and the Answer indicating Defendant Doe Employee is and was a Nevada resident." *Id*. at 2-3. Plaintiff further argues she will be prejudiced if amendment is denied because the negligence cause of action "would be difficult and likely impossible to maintain without actually having the party in this matter who is Defendant Doe Driver." *Id*. at 3. Moreover, Plaintiff argues she will be prejudiced because the applicable two-year statute of limitations, established in NRS 11.190(e), prevents filing a new action against Nalls in state court. *Id*.

II.     **DISCUSSION**

Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within … 21 days after serving it, or … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing party's written consent or the Court's leave to file an amended pleading. Fed. R. Civ. P. 15(a)(2). A court "should freely give leave when justice so requires." *Id*. If the party seeks the court's permission to file an amended pleading, "leave to amend lies within the sound discretion of the [district] court." *DCD Programs, Ltd. v. Leighton*,

2

833 F.2d 183, 185-86 (9th Cir. 1987) (internal citation and quotation marks omitted). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). However, under 28 U.S.C. § 1447(e) higher scrutiny is required when a request is made for a post-removal joinder of a diversity-destroying party. *McClendon v. Walmart, Inc.*, Case No. 2:20-cv-00474-JAD-DJA, 2020 WL 3268734, at *1 (D. Nev. June 17, 2020). Courts consider the following factors when ruling on a motion that would destroy diversity jurisdiction:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Fed. Rule Civ. Proc. 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been an unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid. Other factors … include; (6) the possible prejudice that may result to any of the parties in the litigation; (7) the closeness of the relationship between the new and the old parties; (8) the effect of an amendment on the court's jurisdiction; and (9) the new party's notice of the pending action.

*Hardin v. Wal-Mart Stores, Inc.*, 813 F.Supp.2d 1167, 1173-74 (E.D. Cal. 2011) (internal citation and quotation marks omitted), *aff'd in part*, 604 Fed. App'x. 545 (9th Cir. 2015). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.*, No. C 09-03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. 2010).

A.  Just Adjudication

The Court first considers whether Nalls is necessary for just adjudication of Plaintiff's claims under Fed. R. Civ. P. 19(a). *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1081-82 (C.D. Cal. 1999). Rule 19(a) "requires joinder of persons whose absence would preclude the grant for complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Id*. at 1082 (quoting Fed. R. Civ. P. 19(a)). This standard is met when "failure to join will lead to separate and redundant actions"; however, the standard is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000) (internal citation omitted).

In this case, G4S admits Nalls was within the course and scope of her employment at the time of the accident, and that G4S is vicariously liable if Nalls was negligent. ECF No. 16 at 4. When an employer is vicariously liable for its employee, "the employee is not necessary to the litigation." *Lopez v. Kroger Co.*, Case No. 2:16-cv-02457-KJD-PAL, 2017 WL 3142471, at *2 (D. Nev. July 24, 2017) (internal citation omitted) (holding that all allegations against the employee could be charged against the employer, and therefore "Plaintiff would not suffer any prejudice if the employee was not a named defendant."). Because G4S admits vicarious liability if Nalls was negligent, Nalls is not a necessary party whose absence would deprive Plaintiff from obtaining complete and adequate relief. *Hendricks v. Wal-Mart Stores, Inc.*, Case No.: 2:06-cv-01439-RLH-GWF, 2007 WL 9728755, at *2 (D. Nev. Feb. 9, 2007) (naming a non-diverse employee was unnecessary to make the Plaintiff whole because any recovery for alleged negligence could be recovered from Defendant under doctrine of respondeat superior); *Christopher v. Neiman Marcus Grp., LLC*, Case No. 2:16-cv-06309-ODW (KSx), 2017 WL 374903, at *3 (C.D. Cal. Jan. 26, 2017) (permitting the Court to "accord complete relief among existing parties" without the joinder of a non-diverse employee under the doctrine of respondeat superior) (internal quotation marks omitted).

B.  Statute of Limitations and Undue Delay

While the Court finds Plaintiff did not unduly delay seeking to amend her Complaint, Plaintiff incorrectly claims prejudice alleging the two-year statute of limitations has run barring her from bringing a state court claim. ECF No. 17 at 3. The accident giving rise to this suit occurred on July 9, 2019. ECF No. 1-2 ¶ 2. NRS 11.190(e) sets a two-year statute of limitations for Plaintiff's claim. Thus, Plaintiff has until July 9, 2021 to file a complaint against Nalls. Because the statute of limitations has not run, and will not run July 2021, denial of Plaintiff's Motion to Amend will not prejudice Plaintiff.[1]

---

[1] Plaintiff is not prejudiced by denial of her Motion because denial does not preclude a plaintiff from bringing a separate action against a non-diverse defendant in state court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (holding that the district court did not abuse discretion by finding no prejudice to the plaintiff because action against non-diverse defendant could be brought in state court); *see also Madura v. Lakebridge Condo. Ass'n Inc.*, 382 Fed. App'x 862, 866 (11th Cir. 2010) (holding that the court committed no abuse of discretion when it dismissed Plaintiff's state law claims as Plaintiff had four months to file a state law claim).

4

### C. Motive for Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). The Ninth Circuit holds that "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id*. (internal citation omitted). Here, G4S asks the Court to probe Plaintiff's motive to amend, arguing Plaintiff's sole motive is to destroy diversity jurisdiction. ECF No. 16 at 2. The Court finds no facially improper motive and declines the invitation to probe further as there is appropriate reason to recommend denial of Plaintiff's Motion without doing so.

## III. RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Amend Complaint to Substitute Doe Employee with Tytiana Nalls (ECF No. 15) be DENIED.

Dated this 15th day of March, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).